IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ALEXIUS M. HILL                                                                                                PLAINTIFF

v.                                   Civil No. 4:16-cv-04055

OFFICER HANSLEY, Miller
County Detention Center;
LIEUTENANT ADAMS;
SERGEANT MILLER; and
CORPORAL HANNING                                                      DEFENDANTS

## **ORDER**

Before the Court is Defendants' Motion to Dismiss. ECF No. 15. Plaintiff has not filed a response, and the time for response has passed. The Court finds this matter ripe for its consideration.

Plaintiff filed his original Complaint on June 30, 2016. ECF No. 1. He filed a Supplement to his Complaint on July 22, 2016. ECF No. 7. Plaintiff's last communication with the Court was September 12, 2016, when he notified the Court he had been transferred to the Arkansas Department of Correction – North Central Unit, 10 Prison Circle, Calico Rock, Arkansas 72519. ECF No. 13.[1]

On April 19, 2017, Defendants filed a Motion to Dismiss (ECF No. 15) stating counsel for Defendants "attempted to verify the last address given to the Court by Plaintiff by entering his name and Arkansas Department of Corrections inmate number (ADC #163938) into the 'Inmate Search' engine on adc.arkansas.gov/ which is a reliable and current source for verifying an inmate's incarcerations status. Plaintiff is not listed as a current inmate in the Arkansas Department of Corrections on the Department's website." ECF No. 15.

---

[1] Plaintiff was notified by Court Order that failure to inform the Court of any change of address could result in the dismissal of this case. *See* Order dated June 30, 2016 (ECF No. 3) and Order dated September 12, 2016 (ECF No. 13).

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (emphasis added).

In the present case, Plaintiff has failed to prosecute this matter and has failed to keep the Court informed of his current address. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Defendants' Motion to Dismiss (ECF No. 15) should be and hereby is **GRANTED** and Plaintiff's claims as to all Defendants are **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED,** this 10th day of May, 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge